UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | Chapter 11 (Subchapter V) |
| SERENDIPITY LABS, INC.,[1] ) | |
| ) | CASE NO. 20-68124 (SMS) |
| Debtor ) | |
| ) | |

## MOTION FOR AUTHORITY TO USE ALLEGED CASH COLLATERAL

The above-captioned debtor and debtor in possession (the "Debtor") hereby moves the Court (the "Motion") for the entry of an order, pursuant to 11 U.S.C. § 363 of Title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), seeking entry of an order authorizing the Debtor to use alleged cash collateral on an interim and final basis. In support of the Motion, the Debtor shows the Court as follows:

### Jurisdiction and Venue

1. This Court has jurisdiction of this Motion pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue of this proceeding is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### Background

2. On July 15, 2020 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtor is continuing in possession of its property and is operating and managing its business, as debtor in possession, pursuant to sections 1107 and 1108 of the Bankruptcy Code.

3. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157. Consideration of this Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The

---

[1] The last four (4) digits of the federal tax identification number for Serendipity Labs, Inc., the Debtor in this Subchapter V case, are: 9635;

1

venue of Debtor's chapter 11 case and this Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The factual background regarding the Debtor, including its business operations, its capital and debt structure, and the events leading to the filing of the chapter 11 case, is set forth in detail in the Declaration of John Arenas in Support of Chapter 11 Petition and First Day Motions (the "Arenas Declaration"), filed contemporaneously with this Motion and fully incorporated herein by reference.[2]

5. The Debtor is a party to a certain Note and Warrant Purchase Agreement dated March 14, 2019, with Hall Phoenix/Inwood Ltd., a Texas limited partnership ("Hall/Inwood"), and the other parties thereto (the "Note Purchase Agreement"). The Debtor issued the following notes to the following persons and entities under the Note Purchase Agreement (collectively, the "Notes"):

    a. Hall Los Angeles WTS, LLC, a Texas limited liability company, which is an affiliate of Hall/Inwood ("Hall WTS"), in the principal amount of $3,000,000.00;

    b. K Investments VIII, L.L.C., in the principal amount of $250,000.00;

    c. Arthur Robinson, in the principal amount of $35,000.00;

    d. Gerry Murray, in the principal amount of $165,000.00;

    e. Kenneth L. Maxon, in the principal amount of $25,000.00; and

    f. Gregory R. Maxon, in the principal amount of $25,000.00.

6. The holders of the Notes would allege that the indebtedness evidenced and governed by the Notes and Note Purchase Agreement is secured by security interests granted pursuant to that certain Security Agreement dated March 14, 2019, by and among the Debtor and Michael J. Jaynes, an individual resident of Texas, as collateral agent thereunder (the "Security

---

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Arenas Declaration.

Agreement"). The Security Agreement purports to grant security interests in the following property (the "Collateral"):

    a. All interests held by the Debtor in (i) any other corporation, partnership, trust, joint venture, limited liability company, association, or other business entity which is wholly-owned by Debtor, and (ii) SLW-Frisco, LLC (subject to rights of Debtor contained in Section 8.1 (*Sale of Assets for Working Capital*) of the Purchase Agreement). For the avoidance of doubt, interests indirectly or directly held by the Debtor in the following entities shall not constitute Collateral:
       i. SLU-NYC1, LLC
      ii. SLSF1, LLC
     iii. SLNY2, LLC
     iv. SLM-GA 1, LLC
      v. SLPM1, LLC
     vi. SLH-Atlanta 1, LLC
    vii. SLPG1, LLC
   viii. SLM-LA 1, LLC
     ix. SLH-Los Angeles 1, LLC
      x. SLH-Los Angeles 2, LLC
     xi. SLP-Denver 1, LLC
    xii. SLM-CO1, LLC
   xiii. SLRB LLC
   xiv. SLP-Phoenix 1, LLC
    xv. SLM-AZ1, LLC

    b. The Significant Accounts (as defined in the Note Purchase Agreement).

7. The Note Purchase Agreement, Notes and Security Agreement were amended by that certain Omnibus Amendment to Security Agreement and Notes dated as of May 20, 2020, by and among the Debtor, Hall WTS, and Michael J. Jaynes, which, among other things, appoints Hall WTS as the collateral agent under the Security Agreement (Hall/Inwood and Hall WTS shall be referred to herein collectively as the "Hall Agent").

8. The alleged security interests in the Collateral granted by the Security Agreement would be perfected by a UCC-1 financing statement filed June 29, 2020 with the Delaware Department of State, UCC Filing Number 2020 4494409, naming the Debtor as debtor and Hall WTS, in its individual capacity, as secured party (the "Financing Statement"). The Financing

Statement was filed within the ninety (90) days prior to the Petition Date (the "Preference Period").

9. The Debtor, Hall Agent and Wells Fargo Bank, National Association are also parties to a certain Deposit Account Control Agreement dated May 28, 2020 (the "DACA"), covering certain bank accounts of the Debtor with numbers ending 3852 and 8754. The DACA was signed within the Preference Period.

**Relief Requested**

10. The Hall Agent may assert that it holds security interests in the Debtor's cash, rendering such cash "cash collateral" as defined in 11 U.S.C. § 363(a). The Debtor objects to any such characterization and will contest any assertion that its cash constitutes part of the Collateral. Nothing herein shall constitute an admission to the extent, validity or priority of any lien or security interest alleged to be held by any person, including, but not limited to the Hall Agent. Further, if perfected, the alleged security interests in the Collateral were perfected during the Preference Period and are therefore avoidable pursuant to 11 U.S.C. § 547(b).

11. Notwithstanding the foregoing, the Debtor files this Motion out of an abundance of caution, requesting authority to use the alleged cash collateral to the extent the Court determines that the Hall Agent's Collateral includes the Debtor's cash, and offers adequate protection as provided herein.

12. The Debtor's use of the alleged cash collateral is essential to the continued operation of its business, to maintain the value of its property and for an effective reorganization. The Debtor does not propose to use the alleged cash collateral to pay any amounts due and owing prior to the Petition Date unless approved by order of the Court. However, because of the nature of the Debtor's business, it must have use of the alleged cash collateral to meet its

ongoing obligations and to preserve the value of its assets. Therefore, the use of the alleged cash collateral is in the best interest of the Debtor, its estate and its creditors.

13. As adequate protection for the use of the alleged cash collateral, the Debtor will provide the Hall Agent with a replacement lien in post-petition cash receipts to the extent the Hall Agent held valid, perfected pre-petition liens and security interests in the Debtor's cash receipts, and in the same relative priority, to secure any diminution in value of the Hall Agent's cash collateral after the Petition Date.

### Notice

14. No trustee, examiner or official committee has been appointed in this chapter 11 case.

15. Notice of this Motion has been provided to: (a) the Office of the United States Trustee for the Northern District of Georgia; (b) the Debtor's twenty (20) largest unsecured creditors; (c) the agent for the alleged prepetition secured creditors; (d) the Internal Revenue Service; (e) each of the Georgia Department of Revenue and the New York State Department of Taxation and Finance; (f) each of the Georgia Secretary of State and the New York State Secretary of State; (g) each of the Attorney General for the State of Georgia and the Attorney General for the State of New York; (h) the United States Attorney for the Northern District of Georgia; (i) the Small Business Administration; and (j) any party that has requested notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested, the Debtor submits that no further notice is required.

WHEREFORE, the Debtor requests that this Court: (a) schedule an interim hearing on this Motion to be heard at the Court's first available opportunity; (b) enter an order granting this Motion at the conclusion of such hearing, in substantially the form attached hereto as Exhibit A; and (c) grant the Debtor such other and further relief as is just, equitable and proper.

Dated: July 16, 2020    Respectfully submitted,

*/s/ Lee B. Hart*
Lee B. Hart
Georgia Bar No. 502311
Joshua H. Stein
Georgia Bar No. 737942
NELSON MULLINS RILEY &
SCARBOROUGH LLP
201 17th Street, NW, Suite 1700
Atlanta, Georgia 30363
(404) 322-6000 (Phone)
(404) 322-6050 (Fax)
lee.hart@nelsonmullins.com
josh.stein@nelsonmullins.com
*Proposed Counsel for Debtor and
Debtor-in-possession*