UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | Chapter 11 |
| SERENDIPITY LABS, INC.,[1] ) | |
| ) | CASE NO. 20-68124 (SMS) |
| Debtor ) | |
| ) | |

**APPLICATION TO EXPAND SCOPE OF EMPLOYMENT OF GLASSRATNER CAPITAL & ADVISORY GROUP, LLC DBA B. RILEY ADVISORY SERVICES TO INVESTMENT BANKER, EFFECTIVE AS OF THE APPROVAL DATE**

The debtor and debtor-in-possession in the above-captioned case (the "Debtor"), pursuant to 327(a) and 1195 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code") and Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), file this application to expand the scope of employment and approve retention of GlassRatner Capital & Advisory Group, LLC dba B. Riley Advisory Services ("B. Riley") as investment banker to the Debtor (the "Application") effective as of the entry of an order approving this Motion (the "Approval Date"). In support of this Application, the Debtor respectfully represents as follows:

**JURISDICTION**

1. The Court has jurisdiction to consider this Application pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue is proper in the Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested herein are sections 327(a) and 1107 of the Bankruptcy Code and Bankruptcy Rules 2014 and 2016.

---

[1] The last four (4) digits of the federal tax identification number for Serendipity Labs, Inc., the Debtor in this Chapter 11 case, are: 9635.

1

## BACKGROUND

2. On July 15, 2020 (the "Petition Date"), Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

3. The Debtor is operating it business and managing it property as debtor in possession pursuant to Sections 1107 & 1108 of the Bankruptcy Code.

4. Other than the former Subchapter V Trustee, no Trustee has been appointed in this Chapter 11 case, and no committee has been appointed or designated.

5. The factual background regarding the Debtor, including its business operations, capital and debt structure, and the events leading to the filing of this Chapter 11 case, is set forth in more detail in the *Declaration of John Arenas*, the Debtor's Chief-Executive-Officer, in Support of First Day Motions (the "Arenas Declaration"), filed on or about the Petition Date and incorporated herein by reference.

6. On August 5, 2020, the Debtor moved to employ B. Riley as valuation advisors (Dkt. No. 64), and the Court entered an order finding that B. Riley is a disinterested person and granting such motion on September 2, 2020 (Dkt. No. 104) (the "Advisor Order"). Under the Advisor Order, B. Riley's role is limited to the following:

  (a) Conducting a valuation of the Debtor;

  (b) Preparing a liquidation analysis in connection with a Chapter 11 Plan or as otherwise required by the Bankruptcy Code;

  (c) Providing advice to the Debtor in connection with structuring a Chapter 11 Plan;

  (d) Providing expert testimony and developing expert reports relating to the foregoing; and

  (e) Conducting any such further analysis as is necessary in connection with a Chapter 11 Plan and providing expert testimony accordingly therewith.

7. On October 19, 2020, the Court entered a Memorandum Order [Docket No. 168] revoking the Debtor's designation as a small business debtor under Subchapter V of Chapter 11 of the Bankruptcy Code. After evaluating its options and the economics of a standard Chapter 11 case, the Debtor, in exercise of its sound business judgment, executed a stalking horse asset purchase agreement with Bay Point Capital Partners II, LP, which is accompanied by a proposed post-petition loan in the amount $1,100,000, to run a sale process to raise highest and best value for the Debtor's assets. The Debtor proposes to engage B. Riley as investment banker for the sale of the Debtor's assets under this proposed process, as approved by the Court.

## **RELIEF REQUESTED**

8. The Debtor has determined that it will be necessary to engage an investment banker with knowledge and experience in the areas of distressed transactions, marketing entities for sale, bankruptcy, reorganization, litigation and other matters. Such investment banker will enable the Debtor to carry out its duties in this Chapter 11 case and to assist in the reorganization of the estate, including, but not limited to: (a) preparing and negotiating confidentiality agreements for prospective purchasers; (b) preparing detailed information about the Debtor's business, operations and financial condition; (c) identifying and contacting potential purchasers; (d) creating and/or maintaining a data room for due diligence to be conducted by prospective purchasers; (e) drafting a "confidential information memorandum" describing the transaction; (f) evaluating proposals from prospective purchasers; and (g) running an auction for sale of the Debtor's assets, if necessary. Given this, the Debtor wishes to expand the engagement of B. Riley to include the role of investment banker effective as of the Approval Date pursuant to the engagement agreement

(the "Agreement"), a copy of which is attached here as **Exhibit A**. The material terms of the Agreement include:[2]

- Represent the Debtor, on an exclusive basis, to market and sell the Debtor's assets;
- Coordinate with Debtor, the development of due diligence materials;
- Develop marketing materials for a sale transaction and communicate regularly with prospects;
- Review pertinent documents, including bid procedures and other case filings, and consult with Debtor's counsel as appropriate;
- Solicit offers for a Sale transaction;
- Assist Debtor in evaluating, structuring, negotiating and implementing the terms and conditions of a proposed Sale transaction;
- Communicate regularly with the Debtor and its professional advisors in connection with the status of its efforts;
- Review, evaluate and analyze the financial ramifications of proposed transactions for which the Debtor may seek Bankruptcy Court approval; and
- Provide financial advice and assistance to the Debtor in connection with a Sale transaction and conduct a §363 auction to sell the Debtor.

As used in this Agreement, a "Sale" shall mean any of the following, whether effected in one transaction or a series of transactions:

- Sale of all or substantially all of the Debtor's or subsidiaries' stock or assets; or
- Merger, consolidation, reorganization or similar corporate transaction involving the Debtor and another corporation, partnership, limited liability company, other party, or existing shareholders

9. Pursuant to sections 327(a) and 1195 of the Bankruptcy Code and Federal Rules of Bankruptcy Procedure 2014 and 2016, the Debtor requests that the Court approve the retention of B. Riley as its investment banker to perform the services that will be necessary during its Chapter 11 case. In support of this Application, the Debtor submits the *Declaration of Marshall Glade* (the "Glade Declaration"), a copy of which is attached here as **Exhibit B**.

10. The Debtor has previously filed an application to retain PKF O'Connor Davies, LLP ("PKF") as its financial advisor. PKF will not be providing any investment banking services

---

[2] Material terms of the Agreement are summarized herein for notice purposes only. To any extent the Agreement conflicts with this Application, the Agreement shall control.

4

to the Debtor in this case. There should not be any overlap between the services performed by B. Riley and services performed by PKF for the Debtor in connection with this case.

### BASIS FOR RELIEF REQUESTED

11. Section 327(a) of the Bankruptcy Code provides that the Debtor "with the court's approval, may employ one or more . . . accountants, appraisers, auctioneers, or other professional persons that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the [Debtor's] in carrying out the [Debtor's] duties under this title." Bankruptcy Rule 2014 requires that an application for retention of a professional person include:

> [S]pecific facts showing the necessity for the employment, the name of the person to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the person's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

Fed R. Bank. P. 2014(a). As set forth in the Advisor Order, B. Riley is a disinterested person and does not hold or represent an interest adverse to the estate. Below are specific facts showing the necessity of the employment of B. Riley, the reasons for selecting B. Riley, the professional services to be rendered, and the proposed arrangements for compensation.

**A.     Necessity for the Employment and Reasons for Selecting B. Riley**

12. The Debtor faces a series of complex and potentially contentious issues related to its Chapter 11 case and reorganization. After having its Subchapter V designation revoked, the Debtor has determined that it will be necessary to engage an investment banker to run a sale process to raise highest and best value for the Debtor's assets. The Debtor has selected B. Riley as its investment banker because of the firm's extensive experience, knowledge and expertise in the fields of distressed valuation, bankruptcy and business reorganization,

5

including under Chapter 11 of the Bankruptcy Code and because B. Riley, as the Debtor's valuation advisor has extensive knowledge of the Debtor's business and is in the best position to sell the Debtor's assets because of such knowledge. The services of B. Riley are necessary and essential to enable the Debtor to execute faithfully its duties as a debtor and debtor-in-possession and propose a Chapter 11 plan.

13. The Debtor believes that B. Riley is both well qualified and uniquely able to serve as its investment banker in this case and in other matters in a most efficient and timely manner. Mr. Glade and B. Riley are already familiar with the Debtor due to their role as valuation advisor, have extensive experience in providing investment banking services in complex Chapter 11 cases and have an excellent reputation for the services they have rendered in Chapter 11 cases on behalf of debtors and creditors throughout the United States.

**B.    Professional Services to be Rendered**

14. Subject to further order of this Court, it is proposed that B. Riley be employed for the following purposes:

(a) Represent the Debtor, on an exclusive basis, to market and sell the Debtor;

(b) Coordinate with Company, the development of due diligence materials;

(c) Develop marketing materials for a sale transaction and communicate regularly with prospects;

(d) Review pertinent documents, including bid procedures and other case filings, and consult with Debtor's counsel as appropriate;

(e) Solicit offers for (i) a sale of all or substantially all of the Debtors or subsidiaries' stock or assets; and/or (ii) a merger, consolidation, reorganization or similar corporate transaction involving the Debtors and another corporation, partnership, limited liability company, other party, or existing shareholders;

(f) Assist Debtor in evaluating, structuring, negotiating and implementing the terms and conditions of a proposed transaction;

6

(g) Communicate regularly with the Debtor and its professional advisors in connection with the status of its efforts;

(h) Review, evaluate and analyze the financial ramifications of proposed transactions for which the Debtor may seek Bankruptcy Court approval; and

(i) Provide financial advice and assistance to the Debtor in connection with a transaction and conduct a §363 auction to sell the Debtor.

**C.    No Duplication of Services between B. Riley and PKF O'Connor Davies, LLP**

15.    The Debtor has previously filed an application to retain PKF as financial advisors to the Debtor (the "PKF Application"). PKF is the Debtor's regular accounting firm and has historically assisted the Debtor with its accounting needs, including prior to the Petition Date.

16.    There should not be duplication of efforts between B. Riley and PKF, and the Debtor will seek to minimize any such duplication to the extent it may be unavoidable.

**D.    Proposed Compensation**

17.    Pursuant to section 327(a) of the Bankruptcy Code, the Debtor may retain B. Riley on any reasonable terms and conditions. Subject to the Court's approval and the requirements of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules for the U.S. Bankruptcy Court for the Northern District of Georgia (the "Local Rules"), and the orders of this Court, the Debtor has agreed to pay B. Riley its customary hourly rates for services rendered that are in effect from time to time on the date the services are rendered, as set forth in the Glade Declaration, and to reimburse B. Riley for reasonable and necessary expenses according to its customary reimbursement policies. The B. Riley 2020 fee rates for accountants and investment bankers expected to work on this case range from $195 to $625 per hour, although B. Riley may use other accountants or investment bankers at other rates as necessary. All Rates charged will be customary, standard hourly rates. The Debtor submits that B. Riley's customary rates, which B. Riley applies to its other bankruptcy and non-bankruptcy clients, are reasonable.

7

18. Additionally, in the event a bid is selected as the successful bidder in a §363 auction other than the stalking horse bid, and such transaction closes, B. Riley shall be entitled to a Success Fee, calculated as 3% of the Incremental Value related to such auction. For purposes of the Agreement, the "Incremental Value" is defined as the difference between the Transaction Price and the purchase price attributed to the stalking horse bid. For purposes of the Agreement, the "Transaction Price" is defined as the aggregate consideration in connection with a Sale, including without limitation, the sum of the following:

- Cash and cash equivalents paid by the buyer(s) to or for the benefit of the Debtor or its shareholders
- Market value of any common or preferred stock, or promissory notes issued by either the Debtor or the buyer(s)
- Value to the Debtor's estate of any loans, notes or other evidence of indebtedness of Debtor which is issued, sold, assumed and/or forgiven in connection with a Sale

19. The Debtor understands that B. Riley intends to apply to the Court for allowances of compensation and reimbursement of expenses incurred after the Approval Date in compliance with sections 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, the Local Rules, and any other applicable procedures and orders of the Court.

**E.      Request to Retain B. Riley Effective as of the Approval Date**

20. The Debtor requests that B. Riley's retention be made effective as of the Approval Date.

**NOTICE**

21. Other than the former Subchapter V Trustee, no trustee, examiner or official committee has been appointed in this chapter 11 case. Notice of this Application has been served on the following parties or, in lieu thereof, to their counsel, if known: (i) the United States Trustee for the Northern District of Georgia; (ii) the former Subchapter V trustee; (iii) the Hall Agent;

8

(iv) the Stalking Horse Bidder; (v) those parties who have requested service of notice in this case; and (vi) all other creditors of the Debtor. In light of the nature of the relief requested herein, the Debtor submits that no other or further notice need be given.

## CONCLUSION

WHEREFORE, the Debtor requests this Court enter an order, substantially in the form of **Exhibit C**, granting the relief requested herein and such other and further relief as the Court may deem just and proper.

Dated:  November 19, 2020
   Atlanta, Georgia

*/s/ Lee B. Hart*
Lee B. Hart
Georgia Bar No. 502311
Joshua H. Stein
Georgia Bar No. 737942
NELSON MULLINS RILEY &
SCARBOROUGH LLP
201 17th Street, NW, Suite 1700
Atlanta, Georgia 30363
(404) 322-6000 (Phone)
(404) 322-6050 (Fax)
lee.hart@nelsonmullins.com
josh.stein@nelsonmullins.com

*Counsel for Debtor and
Debtor-in-possession*

# **EXHIBIT A**

**Engagement Letter Agreement**

**B|RILEY**
*Advisory Services*

3445 Peachtree Road, Suite 1225
Atlanta, GA 30326
Tel: (470) 346-6800
www.brileyfin.com

November __, 2020

John Arenas
CEO
Serendipity Labs, Inc.
80 Theodore Fremd Avenue
Rye, NY 10580

Re: Amendment to Engagement Letter Agreement

Dear Mr. Arenas:

The purpose of this letter is to amend certain terms of the current engagement letter agreement (the "Agreement") between Serendipity Labs, Inc. ("Serendipity" or the "Company" or the "Debtor") and GlassRatner Advisory & Capital Group, LLC dba B. Riley Advisory Services ("B. Riley") dated August 3, 2020, concerning the Company's engagement of B. Riley as Valuation Advisor (the "Matter").  This amendment is effective as of October 28, 2020, (the "Amendment Date"), and is subject to approval of the Bankruptcy Court for the Northern District of Georgia (the "Bankruptcy Court") in Case No. 20-68124 (the "Bankruptcy Case").

<u>Upon the Amendment Date, subject to approval of the Bankruptcy Court, the Scope of Services section will be amended to include the following:</u>

In addition to the valuation services provided for the Matter, the Debtor has requested B. Riley to perform the following additional tasks:

- Represent the Debtor, on an exclusive basis, to market and sell the Company;
- Coordinate, with Company, the development of due diligence materials;
- Develop marketing materials for a sale transaction and communicate regularly with prospects;
- Review pertinent documents, including bid procedures and other case filings, and consult with Debtor's counsel as appropriate;
- Solicit offers for a Sale transaction;
- Assist Debtor in evaluating, structuring, negotiating and implementing the terms and conditions of a proposed Sale transaction;
- Communicate regularly with the Debtor and its professional advisors in connection with the status of its efforts;
- Review, evaluate and analyze the financial ramifications of proposed transactions for which the Debtor may seek Bankruptcy Court approval; and
- Provide financial advice and assistance to the Debtor in connection with a Sale transaction and conduct a §363 auction to sell the Company.

As used in this Agreement, a "Sale" shall mean any of the following, whether effected in one transaction or a series of transactions:

- Sale of all or substantially all of the Debtors or subsidiaries' stock or assets; or
- Merger, consolidation, reorganization or similar corporate transaction involving the Debtors and another corporation, partnership, limited liability company, other party, or existing shareholders

<u>Upon the Amendment Date, subject to approval of the Bankruptcy Court, the following will be added to the Compensation section:</u>

All work performed in regard to the sale of the Company will be compensated on an hourly basis.  Additionally, in the event a bid is selected as the successful bidder in a §363 auction other than the stalking horse bid, and such transaction closes, B. Riley shall be entitled to a Success Fee, calculated as 3% of the Incremental Value related to such auction.  For purposes of this Agreement, the "Incremental Value" shall be defined as the difference between the Transaction Price and the purchase price attributed to the stalking horse bid.

For purposes of this Agreement, the "Transaction Price" shall be the aggregate consideration in connection with a Sale, including without limitation, the sum of the following:

- Cash and cash equivalents paid by the buyer(s) to or for the benefit of the Debtor or its shareholders
- Market value of any common or preferred stock, or promissory notes issued by either the Debtor or the buyer(s)
- Value to the Debtor's estate of any loans, notes or other evidence of indebtedness of Debtor which is issued, sold, assumed and/or forgiven in connection with a Sale

The Success Fee shall be payable in cash in full at the time of and as part of the closing of the Sale, subject to Bankruptcy Court approval.

If this letter correctly sets forth our understanding, please so acknowledge by signing below and returning a signed copy of this letter to my attention.

Yours very truly,

B. RILEY ADVISORY SERVICES

Marshall Glade

Accepted & Agreed:

_____    _____
Serendipity Labs, Inc.                                                                                       Date
By:    John Arenas
Its:    CEO

## **EXHIBIT B**

**Glade Declaration**

Case 20-68124-sms    Doc 204    Filed 11/19/20    Entered 11/19/20 10:44:02    Desc Main
Document    Page 13 of 20

11

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| IN RE: ) | |
| ) | Chapter 11 |
| SERENDIPITY LABS, INC.,³ ) | |
| ) | CASE NO.  20-68124 (SMS) |
| Debtor. ) | |
| ) | |

**DECLARATION OF MARSHALL GLADE IN SUPPORT OF APPLICATION
TO EXPAND SCOPE OF EMPLOYMENT OF GLASSRATNER CAPITAL
& ADVISORY GROUP, LLC, DBA B. RILEY ADVISORY SERVICES
AS INVESTMENT BANKER TO THE DEBTOR,
EFFECTIVE AS OF THE APPROVAL DATE**

I, Marshall Glade, on oath, do depose and state that:

1. I am a certified public accountant, and I am a Managing Director in the firm of GlassRatner Capital & Advisory Group, LLC dba B. Riley Advisory Services ("B. Riley").

2. I submit this declaration in support of the Application (the "Application") of the above-captioned debtor ("Debtor") for an order expanding the scope of the employment of B. Riley effective as of the entry of an order approving the Motion (the "Approval Date") (as defined below) as its investment banker in the Debtor's bankruptcy cases (the "Chapter 11 Case"), in compliance with and to provide disclosure pursuant to sections 327 and 504 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code") and Rules 2014(a) and 2016(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").  Unless otherwise stated in this declaration, I have personal knowledge of the facts hereinafter set forth.  To the extent that any information disclosed herein requires amendment or modification upon B. Riley's completion of further analysis, or as additional creditor information becomes available to it, a supplemental

---

³ The last four (4) digits of the federal tax identification number for Serendipity Labs, Inc., the Debtor in this Chapter 11 case, are: 9635;

12

declaration will be submitted to the Court.

3. To the best of my knowledge, all statements in my declaration attached to the Application to Employ B. Riley filed on August 5, 2020 (Dkt. No. 64), remain true and correct as of the date hereof and are hereby restated herein in their entirety as if given on the date hereof.

Signed under the penalties of perjury this 19th day of November, 2020.


/s/ Marshall Glade
Marshall Glade
GlassRatner Capital & Advisory Group, LLC
dba B. Riley Advisory Services

## **EXHIBIT C**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| IN RE: ) | |
| ) | Chapter 11 |
| SERENDIPITY LABS, INC., ) | |
| ) | CASE NO. 20-68124 (SMS) |
| Debtor. ) | |
| ) | |

**ORDER AUTHORIZING EXPANSION OF THE SCOPE OF THE RETENTION AND EMPLOYMENT OF GLASSRATNER CAPITAL & ADVISORY GROUP, LLC DBA B. RILEY ADVISORY SERVICES, AS INVESTMENT BANKER FOR THE DEBTOR, EFFECTIVE AS OF THE DATE HEREOF**

Upon the Application[1] of the Debtor for entry of an order pursuant to section 327(a) of the Code and Rule 2014 authorizing the retention and employment of Glass Ratner Capital & Advisory Group, LLC dba B. Riley Advisory Services ("B. Riley") as investment banker to the Debtor, as more fully described in the Application; and upon consideration of the Glade Declaration attached thereto as Exhibit B; and due and sufficient notice of the Application having been provided under the particular circumstances, and it appearing that no other or further notice need be provided; and

---

[1] Capitalized terms used but not defined in this Order shall have the meanings used in the Application.

15

the Court having jurisdiction to consider the Application and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; venue being proper in the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and that this Court may enter a final order consistent with Article III of the United States Constitution; and it appearing that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and this Court having determined that the relief sought in the Motion is in the best interests of the Debtor, its estate, and its creditors, and other parties in interest; and this Court previously finding that B. Riley is a "disinterested person," as defined in section 101(14) of the Bankruptcy Code and as required by section 327(a) of the Bankruptcy Code because (i) B. Riley has no connection with the Debtor, any creditors, or other parties in interest, their respective attorneys and accountants, or the U.S. Trustee or any of its employees, except as set forth in the Glade Declaration, (ii) B. Riley is not a creditor, equity security holder, or insider of the Debtor, (iii) none of B. Riley's members or employees are or were, within two (2) years of the Petition Date, a director, officer, or employee of the Debtor, and (iv) B. Riley does not hold and has neither represented nor represents an interest materially adverse to the interests of the Debtor's estate or of any class of creditors or equity security holders by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor or for any other reason; and the Court having found that B. Riley continues to be a "disinterested person" for the same reasons as of the date of the Application, and after due deliberation and sufficient cause appearing therefor;

    IT IS HEREBY ORDERED THAT:

    1.    The Application is Granted as set forth herein.

2. In accordance with section 327(a) of the Bankruptcy Code, the Debtor is hereby authorized to retain and employ the firm of B. Riley as investment banker on the terms set forth in the Application and the Glade Declaration, effective as of the Approval Date.

3. B. Riley shall be entitled to allowance of compensation and reimbursement of expenses, upon the filing and approval of interim and final applications pursuant to the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and such other orders as this Court may direct, including, without limitation, any order of this Court establishing procedures for interim compensation and reimbursement of professionals retained in this Chapter 11 Case.

4. Notwithstanding any stay that might be imposed by Bankruptcy Rule 6004(h) or otherwise, this Order shall be effective and enforceable immediately upon entry thereof.

5. Notwithstanding anything to the contrary in the Application, B. Riley shall not be entitled to compensation or reimbursement for non-ordinary overhead expenses such as secretarial work or other overtime.

6. The Debtor is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application and the Glade Declaration.

7. This Court shall retain jurisdiction over any and all matters arising from or related to the interpretation or implementation of this Order.

END OF DOCUMENT

Prepared and presented by:

*/s/ Lee B. Hart*
Lee B. Hart
Georgia Bar No. 502311
Joshua H. Stein
Georgia Bar No. 737942
NELSON MULLINS RILEY &
SCARBOROUGH LLP
201 17th Street, NW, Suite 1700
Atlanta, Georgia 30363
(404) 322-6000 (Phone)
(404) 322-6050 (Fax)
lee.hart@nelsonmullins.com
josh.stein@nelsonmullins.com
*Counsel for Debtor and
Debtor-in-possession*